UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KATHRYN LOUTTIT, | ) | CIV. 04-5014 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF DEADWOOD, a municipality; | ) | ORDER |
| DEADWOOD AREA CHAMBER OF | ) | |
| COMMERCE AND VISITORS | ) | |
| BUREAU, a South Dakota non-profit | ) | |
| corporation; TIM CONRAD ELECTRIC; | ) | |
| and TIM CONRAD, individually and | ) | |
| d/b/a TIM CONRAD ELECTRIC, | ) | |
| | ) | |
| Defendants. | ) | |

## NATURE AND PROCEDURE OF THE CASE

Plaintiff was attending a concert held in Deadwood. While walking on the public street, plaintiff tripped on electrical wires that were placed on the streets specifically for the concert. As a result, plaintiff was injured. Plaintiff alleges that defendants were negligent and seeks damages. Defendant, City of Deadwood (City), now moves for summary judgment contending that it does not owe a duty to plaintiff pursuant to the public duty doctrine.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if the movant can "show that there is no genuine issue as to any material fact and that [the movant] is entitled to judgment as a matter of law." In determining whether summary judgment should issue, the facts and inferences from those facts are viewed in the light most favorable to the nonmoving party, and the burden is placed on the moving party to establish

both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S. Ct. 1348, 1356-57, 89 L. Ed. 2d 538 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.

In determining whether a genuine issue of material fact exists, the Court views the evidence presented based upon which party has the burden of proof under the underlying substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986). The Supreme Court has instructed that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555, 91 L. Ed. 2d 265 (1986). The nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts," and "[w]here the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 106 S. Ct. at 1356.

Based on the foregoing, the trilogy of Celotex, Anderson, and Matsushita provides the Court with a methodology in analyzing a motion for summary judgment. See generally 1 Steven A. Childress & Martha S. Davis, Federal Standards of Review § 5.04 (2d ed. 1991) (discussing the standards for granting summary judgment that have emerged from Matsushita, Celotex, and Anderson). Under this trilogy, it is incumbent upon the nonmoving parties to establish

2

significant probative evidence to prevent summary judgment. See Terry A. Lambert Plumbing, Inc. v. Western Sec. Bank, 934 F.2d 976, 979 (8th Cir. 1991).

## DISCUSSION

Plaintiff alleges that defendants are liable for her injuries due to negligence. "Negligence is the breach of a duty owed to another, the proximate cause of which results in an injury." Zarecky v. Thompson, 634 N.W.2d 311, 316 (8th Cir. 2001) (citing Peterson v. Spink Elec. Co-op., 578 N.W.2d 589, 591 (SD 1998)). The South Dakota Supreme Court has held that a city owes a duty to keep its streets and sidewalks in a reasonable safe condition for public travel. See Luther v. City of Winner, 674 N.W.2d 339, 347 (SD 2004); Rapid City v. First Nat'l Bank of the Black Hills, 107 N.W.2d 693, 694 (SD 1961); Hermandson v. City of Canton, 244 N.W.525, 528 (SD1932). City argues that this duty is owed to the public and not to plaintiff individually and, therefore, the public duty doctrine is applicable. This doctrine provides that when the "government owes a duty of protection to the public, not to particular persons or classes[,]" a city cannot be held liable to an individual for damages. Tipton v. Town of Tabor (Tipton II), 567 N.W.2d 351, 356 (SD 1997). The South Dakota Supreme Court has limited the applicability of this doctrine, however, to those situations involving law enforcement. See E.P., 604 N.W.2d at 13. The exception to this doctrine is the special duty rule. Under this rule, a plaintiff must prove that the city owes a special duty or has a special relationship to him individually and not as a member of the public. See Gleason v. Peters, 568 N.W.2d 482, 485 (SD 1997).

In determining whether a special relationship or duty exists which abrogates the public duty doctrine, the Court must consider four factors. These factors include: "1) the [City's]

3

actual knowledge of the dangerous condition; (2) reasonable reliance by person on the [City's] representations and conduct; 3) an ordinance or statute that sets forth mandatory acts clearly for the protection of a particular class of persons rather than the public as a whole; and 4) failure by the [City] to use due care to avoid increasing the risk of harm." E.P. v. Riley, 604 N.W.2d 7, 12-13 (SD 1999). To establish the existence of a special relationship, plaintiff must prove actual knowledge and at least one other factor. See Walther v. KPKA Meadowlands Ltd. P'ship, 581 N.W.2d 527, 533 (SD 1998).

The first factor requires that the City had actual knowledge of the dangerous condition. "[A]ctual knowledge denotes a foreseeable plaintiff with a foreseeable injury." Tipton II, 567 N.W.2d at 359. City admits that it "allowed electrical cords to be placed on the public streets of the City to provide power" for the concert. See City's Statement of Undisputed Facts (SUF), 4. As a result, the Court finds that City had actual knowledge of the dangerous condition as it was foreseeable that someone could be injured by the obstruction.

The second factor to be considered is whether plaintiff reasonably relied on the City's representations and conduct. The South Dakota Supreme Court has required that "'[r]eliance must be based upon personal assurances.'" Walther, 581 N.W.2d at 533 (quoting Tipton II, 567 N.W.2d at 365). There is no evidence of City making any personal assurances to plaintiff. As a result, this factor weighs against determining that a special duty exists.

The third factor requires the Court to examine the ordinance or statute that "sets forth mandatory acts" focusing on a particular class rather than the public. The opposing parties do not cite a specific statue or ordinance. As a result, this factor indicates that a special duty does not exist.

4

The final factor to consider is the "failure by the [City] to use due care to avoid increasing the risk of harm." See E.P., 604 N.W.2d at 12-13. "Under this factor official action must either cause harm itself or expose plaintiffs to new or greater risks, leaving them in a worse position than they were before official action." Tipton II, 567 N.W.2d at 366. In this case, the official action allowed the placement of cords in the streets. This action left plaintiff at a greater risk of harm than before the official action. As a result, this factor weighs in favor of finding a special relationship.

As stated previously, a special relationship exists if it is shown that City had actual knowledge and at least one other factor of the test has been met. In this case, the Court has found that City had actual knowledge of the obstruction and that City's actions left plaintiff at an increased risk of harm. Based upon this analysis, the Court finds that the public duty doctrine is not applicable in this matter. Accordingly, it is hereby

ORDERED that defendant City of Deadwood's motion for summary judgment (Docket #58) is denied.

Dated this 19th day of January, 2007.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE